UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM ROSS PEHRINGER,<br><br>                Petitioner,<br><br>v.<br><br>JOSH TEWALT,<br><br>                Respondent. | Case No. 1:21-cv-00515-CWD<br><br>**INITIAL REVIEW ORDER and NOTICE OF INTENT TO DISMISS** |

      Petitioner Adam Ross Pehringer, an inmate in the custody of the Idaho Department of Correction, has filed a document entitled "Petition for Rehearing." *See* Dkt. 3. Petitioner has also filed what may be copies of briefs he has filed in the Idaho Supreme Court. Because many of Petitioner's documents are captioned for the Idaho Supreme Court, it is unclear whether Petitioner actually intended to initiate the instant case action, or whether Petitioner simply sent his filings to the wrong court.

      Assuming that Petitioner intended to file this action in this Court, the Court notifies Petitioner that it construes the initial pleading as a petition for writ of habeas corpus. The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

      Petitioner has not included enough facts in the petition to proceed at this time. Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available

to the petitioner" and "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court—and the respondent—need not consider allegations or arguments set forth in other documents. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition."). The initial pleading contains no facts and no identifiable claims.

Moreover, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners.

Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition complying with Rules 2(c) and 2(d).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.

2. Within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rules 2(c) and 2(d). The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and

INITIAL REVIEW ORDER and NOTICE OF INTENT TO DISMISS - 2

Petitioner is encouraged and expected to use that form to draft any amended petition. If Petitioner does not file a timely amended petition, this case may be reassigned to a district judge for consideration of dismissal without further notice.

3. Alternatively, Petitioner may file a Notice of Voluntary Dismissal if he does not intend to pursue this case in this Court.

4. Because an amended petition is required for Petitioner to proceed, Petitioner's Motion for Appointment of Counsel and Motions for Oral Argument (Dkt. 6, 10, and 12) are DENIED AS MOOT.

5. Petitioner is advised that Josh Tewalt, the Director of the Idaho Department of Correction, is not the most appropriate respondent in this case. *See* Habeas Rule 2(a) (stating that the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "officer who has custody" of the petitioner); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that a petitioner challenging his present physical confinement must name as respondent "the warden of the facility where the prisoner is being held"). If Plaintiff files an amended petition, he should name as the respondent the warden of the prison in which Petitioner is incarcerated.

DATED: June 3, 2022

_____
Honorable Candy W. Dale
U.S. Magistrate Judge